IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

ANDREW CHOJECKI,

    Defendant.
                                /

No. CR 12-00855-1 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

For the reasons stated on the record at the hearing on January 16, 2013, defendant Andrew Chojecki's emergency motion for immediate release was denied and the government's motion for review of the magistrate judge's release order was granted. As stated at the hearing, the government established by a preponderance of the evidence that defendant is likely to flee if released, and that no combination of conditions can reasonably assure his appearance at future court dates.

The Court has reviewed defendant's motion for reconsideration based on information that defense counsel states he did not have prior to the hearing. The government has filed a response opposing the motion. Specifically, defendant argues that at the detention hearing before Magistrate Judge Paul Abrams in the Central District of California on November 28, 2012, defendant's counsel responded truthfully to Judge Abrams' question regarding whether defendant had a Polish passport. Defendant contends that, at the hearing before the undersigned judge, counsel for the government did not read aloud or draw attention to the portion of the transcript that indicated that defense counsel believed that Judge Abrams' question was directed at whether defendant had a Polish passport in his *current* possession.

The government's counsel read only the first sentence aloud and omitted to read the italicized part below:

> THE COURT: There were some allegations that he might be a Polish citizen as well. So, I'm going to at least ask you if there's a possibility of his Polish passport out there?
>
> MR. ARIAN: He does not at this time to my knowledge have a Polish passport. *If we were able to obtain one, I'm sure he'd work with Pretrial Services to forfeit it. He's willing to waive that. My understanding is he does not have one under his possession. He would not be able to leave on it.*

(Dkt. No. 49, Exh. A) (emphasis added). The judge had his own copy of the transcript and recognized there was more to the passage than was read aloud by government counsel. The judge was not misled by this selective reading. Moreover, the judge's ultimate determination was based on a number of facts, including but not limited to the evidence regarding defendant's prior departure from the United States after expressing suspicions about being investigated; defendant's insubstantial ties to the United States, including that his own brother would not put up his house as surety and that defendant's marriage itself was allegedly phony; the ineffectiveness of GPS monitoring; and the possibility that defendant, as a Polish citizen, could easily obtain another passport to leave the United States and travel abroad. Accordingly, defendant's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 24, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2